UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENEDIR SAIR MALDONADO NIETO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN FACILITY ADMINISTRATOR ADELANTO ICE PROCESSING CENTER,<br><br>Respondent. | Case No. 5:26-cv-05961-SB-CTS<br><br>ORDER CONDITIONALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner Frenedir Sair Maldonado Nieto, a citizen of Venezuela, is detained at Adelanto ICE Processing Center since September 17, 2026. Dkt. No. 1 ¶ 11(a). On October 8, 2026, Petitioner filed a petition for a writ of habeas corpus challenging the lawfulness of his continued detention without a bond hearing and seeking either immediate release or a bond hearing within 14 days.

In its answer, the government states that Petitioner "appears to be entitled to request and receive an initial bond hearing" pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Dkt. No. 7 at 2. Although the government questions whether Petitioner exhausted his administrative remedies, it does not assert that he failed to request a bond hearing, and the petition alleges that he has not yet been provided one. Dkt. No. 1 at 6 of 17.

Accordingly, in light of the government's concession that Petitioner appears to be entitled to receive a § 1226(a) bond hearing, the petition is conditionally granted. The government may continue to detain Petitioner only if it provides him with an individualized bond hearing within seven days.[1] If the government fails to

[1] Although Petitioner seeks immediate release, he has not developed an argument showing that release, rather than a prompt § 1226(a) bond hearing, is warranted.

provide the hearing within seven days, it shall release Petitioner from custody. The government shall file a status report no later than October 27, 2026 confirming compliance with this order. The Court retains jurisdiction solely to determine whether the government has complied and not to adjudicate new legal or constitutional challenges arising from the bond hearing itself. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (holding that a district court retains jurisdiction to determine compliance with its conditional habeas order but need not address new challenges arising from the ordered bond hearing). Judgment will be entered separately.

Date: October 16, 2026

Stanley Blumenfeld, Jr.
United States District Judge

His challenges to the conditions and location of confinement do not establish an entitlement to release or the additional injunctive relief requested. *See Pinson v. Carvajal*, 69 F.4th 1059, 1065, 1073 (9th Cir. 2023). Moreover, because habeas relief is equitable in nature, the remedy should be tailored to the violation established. *See Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). The Court therefore denies Petitioner's requests for immediate release and additional injunctive relief.